THOMAS A. WHITAKER v. HARTFORD, PROVIDENCE & FISH-
KILL RAILROAD COMPANY.

Interest, by way of damages, is recoverable upon the overdue coupons or
interest warrants of railroad bonds, from the time of demand and refusal of
payment.

DEBT to recover the amount of certain coupons, or interest
warrants, secured by, and attached to, bonds given by the de-
fendants to the plaintiff,—the bonds not yet due. The coupons
were payable, by their terms, at stated periods, and were all over-
due at the time of suit brought. Prior to the suit, the plaintiff
had demanded payment of the coupons; and payment being
refused, now demanded interest on the same. Whether he was
entitled to interest, and from what time, were the questions now
submitted to the court.

*Hayes, for the plaintiff:* —

The plaintiff brought suit to recover the amount of certain
coupons, or interest warrants, attached to bonds given by the
defendants and not yet due. The coupons themselves were
payable by the terms of the bonds, at stated periods, and were
all overdue at the time suit was brought. The plaintiff made
demand of the defendants for the payment of the coupons on
the        day of           , and, payment being refused, com-
menced his action as aforesaid. No question is made by the
defendants as to their liability to pay the amount of the cou-
pons declared on; and the sole question for the court to con-
sider is, whether the interest warrants payable by the terms of
the bond at a fixed time, draw interest as a legal incident to
themselves, as a principal debt, or in the nature of damages.
The principle, which governs in such cases, is stated in the opin-
ion of the court in the case *Spencer et al.* v. *Pierce et al.,* 5 R. I.
63, viz.: "The well settled American rule gives interest, though
not stipulated for, as an invariable legal incident of the princi-
pal debt, from the day of default, whenever the debtor knows

precisely *what* he is to pay and *when* he is to pay it." The case at bar falls within the rule here established. The interest warrants are stipulated to be paid at a fixed time, and the exact amount is fixed by their own terms. The defendants knew precisely *what* they were to pay and *when* they were to pay it. While the rule in Massachusetts is adverse to the allowance of interest on interest upon contracts, upon which interest is by their terms payable at stated periods, the law in many of the States is otherwise. In New Hampshire, the rule to allow interest on interest upon notes payable annually—the usual mode of making notes in that State—has been always adopted. Interest is allowed in the nature of damages. *Pierce* v. *Hall,* 1 N. H. 179. So in South Carolina. *Singleton* v. *Lewis,* 2 Hill, 408 ; *Doig* v. *Barkley,* 3 Rich. 125 ; *Gibbs* v. *Chispane,* 2 Nott & McCord, 38. In New York, see *People* v. *New York,* 5 Cowen, 331, 334. See also cases cited in 1 Am. Lead. Cases, 493, and note p. 522. The question came up in the United States Circuit Court, in the seventh circuit, upon exactly the same state of facts as now arises. Hollingsworth brought suit against the city of Detroit, to recover coupons for semi-annual installments of interest on the city bonds, payable at a distant period. Justice McLean held, that the installments of interest, made payable by the coupons, being for a sum certain, interest thereon was recoverable from the time the city failed to pay it. *Hollingsworth* v. *City of Detroit,* 3 McLean, 472.

*Currey, for the defendants :* —

I submit to the court that interest, purely as interest, never draws interest : —

I. The cases show this. *Hastings* v. *Wirwall,* 8 Mass. 455 ; *Wilcox* v. *Howard,* 23 Pick. 167 ; *Henry* v. *Flagg,* 13 Metc. 64 ; *Doe* v. *Warren,* 7 Greenleaf, 48 ; 7 Conn. 57 ; 4 Johns. 235 ; *Childers* v. *Dean,* 4 Rand. 406. These cases are all to the effect that interest is not allowed on interest, even where a promissory note is made with interest payable annually or semi-annually. That if a party holding such a note neglects to sue for his interest as it falls due, he cannot afterwards recover interest on it, even though he shall have demanded it. *Howard* v. *Bradley,*

1 App. 31. This case shows, that if a party holding such a note neglects to sue for his interest till the principal becomes due, he can have but one suit for both principal and interest, and only simple interest on his debt. There is nothing in these bonds and coupons to distinguish them, in this respect, from promissory notes, with interest payable semi-annually.

II. The coupons are not expressed to bear interest. They contain no promise, are not notes, checks or due bills, nor of a like nature, nor subject to like rules. Notes and due bills are contracts. They evidence a principal indebtedness, to which interest is an incident when it has become due, whether the contract be so expressed or not. The law could never annex interest as an incident to a mere warrant to receive interest, either in the character of interest or by way of damages.

III. I am aware of a few cases in apparent conflict with those cited, where interest by way of damages has been allowed on time notes bearing interest payable at stated intervening periods, but these were cases where both principal and interest were overdue. I know of no case where interest has been allowed on interest pure and simple, in a suit for the recovery of interest. In a recent case, Sup. Jud. Court of Massachusetts, not yet reported because still depending on collateral matters, of *R. G. Shaw et al.* v. *Norfolk County Railroad Company*, on exceptions to the master's disallowance of interest on defendants' overdue coupons—precisely the present case—the court, after a full hearing, decreed "that no interest be allowed on any interest-coupons adjudged outstanding and entitled to the benefit and security of the mortgage." The hearing was before the whole court. The case published in pamphlet form.

AMES, C. J. The suit is for the amount of the interest coupons only, the bonds not being due. These, neither by their terms, nor by custom, are payable with interest, but are to be presented for, and given up on, payment. Until presented, the defendants could have been in no default for non-payment; but after it, the coupons being due, the refusal to pay was a clear breach of the contract, and interest from the time of demand and refusal is recoverable by way of damages. Railroad bonds,

with interest coupons attached, are purchased for investment and income, and when the latter is not paid at the time promised, no well considered authority, properly understood, forbids what principle requires, that the damage from delay of payment should be compensated by interest on the amount due, computed from the day of demand and refusal.